UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AGC BIOLOGICS, INC.                                    Case No. 1:26-cv-00550
                            Plaintiff,

      -against-                                                   **COMPLAINT**

AGENUS, INC.
                            Defendant.
-----------------------------------------------------------------X

       Plaintiff AGC Biologics ("AGC" or "Plaintiff"), complaining of defendant Agenus, Inc. ("Agenus" or "Defendant"), alleges as follows:

       1.     Plaintiff is a corporation formed in and under the laws of the State of Washington, maintains its principal place of business located at 21511 23rd Dr. SE, Bothell, Washington 98021 and is a citizen of the State of Washington.

       2.     Upon information and belief, Defendant is a corporation formed in and under the laws of the State of Delaware, maintains its principal place of business in the Commonwealth of Massachusetts, is a citizen of both Delaware and Massachusetts, is authorized to do business in the State of New York and maintains an office in the State of New York in the County of New York, which is in this District.

**JURISDICTION AND VENUE**

       3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the damages sought exceed $75,000 exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

       4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendant maintains an office in this District and the

1

Commercial Supply Agreement dated January 31, 2020 (the "Agreement"), a copy of which is attached hereto as Exhibit A, provides litigation "may be submitted to and finally be settled by the Courts of or sitting in the State of New York."

## FACTUAL ALLEGATIONS

5. Plaintiff is a biologic Contract Development and Manufacturing Organization ("CDMO"), which provides development and manufacturing services for biologic products.

6. On January 31, 2020, AGC entered into the Agreement with Agenus, which provided AGC was to provide certain biologic manufacturing services to Agenus for certain drug testing and that Agenus was to pay AGC therefor.

7. The Agreement also provided for AGC to conduct development and manufacturing services with respect to biologics, as agreed upon by AGC and Agenus, and to provide the data, results and materials generated from the performance of those services.

8. AGC performed manufacturing services for the biologics in "Batches," and the Agreement set forth the price payable for each Batch ("Batch Price") and the payment terms.

9. The Batch Price for any particular Batch was to be paid in three installments timed to certain events, with 25% of the Batch Price paid as the first installment within 45 days of the first event, 40% of the Batch Price paid as the second within 45 days of the second event, and 35% of the Batch Price paid as the third and final installment within 75 days of the third event.

10. AGC provided manufacturing services to Agenus for the biologics products requested pursuant to Agenus' forecasted needs, beginning on August 29, 2023. Over the course of the next thirteen months, AGC provided further services to Agenus, pursuant to Agenus's forecasted requirements and in accordance with the terms of the Agreement, as set forth on Exhibit B hereto.

11. Agenus failed to make all payments for the services and deliverables provided to it by AGC, failed to pay in full for the Batches delivered to it by AGC, pursuant to the Agreement.

12. Beginning in August 2024, as payment of approximately $2.4 million for services and deliverables provided and delivered to Agenus by AGC was coming due on October 1, 2024 under a modified payment plan that AGC had agreed to with Agenus on May 13, 2024 (the "revised payment plan"), Plaintiff and Defendant began discussing additional various payment plans, and continued to do so through July 21, 2025.

13. Notwithstanding AGC's efforts to accommodate Agenus, no additional modifications to the payment plan was agreed to.

14. The revised payment plan would have expired in January 2027, at the end of the initial term of the Agreement, with no further payments being made by Agenus.

15. Paragraph 17.2 of the Agreement sets forth the conditions precedent to bringing an action on "any dispute that may arise out of or relate to this Agreement… (a 'Dispute'):

>Before resorting to litigation, unless emergency relief is required by either Party (including in accordance with Section 17.3), the Parties shall use their reasonable efforts to negotiate in good faith and settle amicably any dispute that may arise out of or relate to this Agreement (or its construction, validity or termination) (a "Dispute"). If a Dispute cannot be settled through negotiations by appropriate representatives of each of the Parties, either Party may give to the other a notice in writing (a "Dispute Notice"). Within seven (7) days of the Dispute Notice being given the Parties shall each refer the Dispute to their respective Chief Executive Officers who shall meet in order to attempt to resolve the dispute. If within thirty (30) days of the Dispute Notice (i) the Dispute is not settled by agreement in writing between the Parties or (ii) the Parties have failed to discuss the Dispute or use good faith negotiations, the Dispute may be submitted to and finally be settled by the Courts of or sitting in the State of New York. Nothing in this MSA shall prohibit (nor force) the Parties to submit to any other dispute resolution forums as they may between themselves subsequently agree to or discuss.

16. The parties met on May 29, 2025 during which Agenus committed again to settle its debts with AGC, but no payments were made.

17. On July 14, 2025, AGC sent Agenus a Dispute Notice, dated July 14, 2025, pursuant to paragraph 17.2 of the Agreement.

18. In the Dispute Notice, AGC requested a meeting between its CEO, Alberto Santagostino, and Agenus' CEO, Garo Armen, "in the next seven (7) days to discuss satisfactory payment."

19. A meeting was held within seven days of the July 14, 2025, Dispute Notice between AGC's CEO and Agenus's CEO on July 21, 2025, but the dispute was not settled in writing or otherwise by August 15, 2025.

20. AGC has performed all of the conditions precedent to litigation under the Agreement in good faith, but as of this filing, Agenus' debt to AGC remains outstanding.

21. AGC has fully performed all of its obligations under the Agreement.

22. Defendant has breached the Agreement by failing and refusing to pay to AGC what was, as of July 15, 2025, $5,933,057.45 owed by Agenus to AGC under the Agreement.

23. As a result of these breaches of the Agreement, AGC has been damaged and demands judgment in the amount of $5,933,057.45, plus interest from July 15, 2025.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant for the following relief:

(a) Awarding damages to Plaintiff in the amount of $5,933,057.45, together with interest thereon from July 15, 2025;

(b) Awarding Plaintiff its costs and disbursements of this action; and

(c) Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York

    January 21, 2026

                                                       SCHOEMAN UPDIKE & KAUFMAN LLP

By: _____
        Beth L. Kaufman

551 Fifth Avenue
New York, New York 10176
Telephone: 212-661-5030
E-mail: bkaufman@schoeman.com

*Attorneys for Plaintiff AGC Biologics*